## JAMES BAKER v. STATE.

188 So. 634.
Division A.
Opinion Filed March 14, 1939.
Rehearing Denied April 11, 1939.

A writ of error to the Circuit Court for Duval County, Bayard B. Shields, Judge.

*John E. Mathews,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

THOMAS, J.—The plaintiff in error was convicted of murder in the first degree under an indictment charging him with having been present aiding and abetting one Alvin Tyler to kill John H. Surrency.

The sole question for decision is whether the verdict of the jury was supported by the evidence and was consistent with the charge of the court.

We have read the testimony of the witnesses for the State and of the defendant, himself, and are convinced that the conclusion of the jury was fair and amply supported by the facts. The robbery was deliberately planned and as deliberately executed.

It was known by the conspirators that the deceased

would, on a certain day, return from the bank bearing a considerable sum of money, and they were aware also of the route he would take. Arrangements were made for the use of a car belonging to an innocent party to divert suspicion from the participants. The defendant and Tyler, at the appointed time, succeeded in blocking a narrow road by parking their automobile diagonally. When the victim drew up behind them, Tyler went back to the car occupied by Surrency, killed him and wounded his wife.

The defendant meanwhile sat under the steering wheel of the borrowed automobile, and, when Tyler had carried out his murderous design, drove him to a third conspirator who spirited both away from the vicinity. .

Counsel has laid great stress on the testimony of the defendant that immediately prior to the homicide he abandoned the plan and refused to play the part of "stick up man," originally intended for him. This position is not well founded. He had many opportunities to withdraw and his persistence is evidenced by the fact that when he left the scene the one who actually fired departed with him. See Smith v. State, 129 Fla. 388, 176 South. Rep. 506.

It has been urged, too, that the jury should have included in their verdict a recommendation of mercy, thereby fixing as the punishment imprisonment for life. There was little upon which they could have based such a qualification, and, even with mitigating circumstances present, we believe this is not the forum where that feature may be considered.

The matter of reducing the penalty in convictions for murder in the first degree is within the province of the trial jury, in the first instance, and the power of commutation from the extreme penalty to imprisonment for life lies with the authority designated in the Constitution.

The judgment is affirmed.

TERRELL, C. J., and BUFORD, J., concur.

WHITFIELD, P. J., and CHAPMAN, J., concur in the opinion and judgment.

BROWN, J., dissents in part.

BROWN, J., (dissenting in part)—The State secured the conviction of this defendant by introducing his own confession—a statement which went into all the details of this terrible crime. The State therefore vouched for the truth of this statement which was entirely free and voluntary, and it shows that the defendant, after agreeing with Hysler and the other negro to "stick-up" and rob Mr. Surrency, when it came to the actual execution of the conspiracy, backed down, and Tyler, the other negro, over this defendant's protest, shot and killed Mr. Surrency. Under this state of facts, I do not think the jury was warranted in returning a death penalty verdict. A life sentence verdict would have been more appropriate.